## WOODRUFF v. WOODRUFF.

1. RULE AS TO CONSTRUCTION OF WILLS.

All the rules as to construction of wills must bend and conform to the rule that nothing shall stand in the way of the expressed intention of the testator unless it be contrary to law. The expressed intention is the will, to deny which intention would in effect be to deny the right to make a will.

2. DEVISE OF LIFE ESTATE—REMAINDER—SPECIFIC DEVISES.

Where by an item of a will, testator devises "all that certain piece or parcel of real estate on which we now live, situate on Mt. Auburn," etc., " * * * and all the income and profits of all the rest and residue of my estate, real, personal and mixed," to his wife, and by another item devises and bequeaths " said real estate on Mt. Auburn, above described, and all the rest and residue of my estate, both real, personal and mixed, * * * after the decease of my wife, to my children, to be equally divided between them," the widow takes a life estate in all testator's property, and all of his estate remaining at the death of his widow is to be equally divided among his children under the statute as if no will had been made. The fact that one piece of property seems to have been specially designated in both items does not make it the subject of a specific devise.

3. DEBT DUE ESTATE SUPERIOR TO MORTGAGE OF INTEREST.

A debt due an estate by a son of testator is superior to a mortgage given by him on his interest in certain lands of his father, to secure another debt, and will be deducted from his legacy upon distribution unless his interest in the lands mortgaged comes by way of a specific devise of such real estate.

HEARD ON ERROR.

William Worthington, for plaintiff in error.

Pogue & Pogue, for defendant in error.

SWING, J. ·

This was an action in the court of common pleas for partition, and an accounting, and for general equitable relief. The case in this court is on error to the judgment of said court, both sides prosecuting error to certain portions of the judgment of the court. The errors arise on the pleadings and the finding of facts and the judgment of the court. The facts are substantially as follows:

Edward Woodruff died in February, 1883, testate. He left surviving him his widow and seven children, of whom Horace W. Woodruff was one. His will was executed on January 13, 1881, and on January 29, 1881, he executed a codicil to said will. By the first item of his will he directs the payment of his debts; by the second item he gives to his wife for her life all of his estate, both real and personal, with power to sell and dispose of his household furniture, silverware, piano, bookcase and

books, as she may deem best, and with power to change and reinvest in
bonds and securities.

In the devise of his real estate to his wife he says: "I give and devise
to my beloved wife   *   *   *   all that piece or parcel of real estate
on which we now live, situate on Mt. Auburn, in the city of Cincinnati,
*  *  *  being the same property conveyed to me by Jethro Mitchell by
deed dated September 28, 1872." He further says: "I also give and be-
queath to her all the income and profits of all the rest and residue of my
estate, real, personal and mixed."

The effect of this devise was to vest in his wife for her life his whole
estate, after the payment of his debts, with the power to sell certain
chattel property if she saw fit, and with power to change and reinvest
bonds, stocks and securities.

The third item of the will is as follows:

"I devise and bequeath said real estate on Mt. Auburn above
described, and all the rest and residue of my estate, real, personal and
mixed, with all said household furniture, silverware, piano, bookcase
and books, including the proceeds of my life insurance policy, after the
decease of my wife, to my children, to be equally divided between them,
the representatives of any of my said children who may be deceased to
take the share of such deceased child, respectively, under this will; this
devise and bequest to my children being subject, however, to the devise
and bequest to my said wife as above made, which are to be in lieu of
her dower in my real estate and in lieu of the statutory allowance for her
support, or otherwise."

By the fourth item he appointed his wife executrix of his will.

By the codicil to his will he directs and empowers his wife to sell
certain parcels of this real estate, consisting of certain lots, which are
specified, in such manner as she may deem proper, and the proceeds she
is to have during her natural life, and then it provides as follows: "The
principal, and whatever interest may remain, shall be divided between
my children and their legal representatives, share and share alike, as
provided in my said will for the other property."

The widow elected to take under the will, and enjoyed the estate
granted to her until her death, in the year 1897.

On June 1, 1882, Horace W. Woodruff borrowed of his father the
sum of $5,000, for which he gave his note, and this note remains un-
paid, although he paid the interest on the same to his mother up to the
year 1891.

Horace W. Woodruff is insolvent, and the amount he owes the es-
tate is greater than he would receive from the estate on distribution.

Horace W. Woodruff gave a mortgage on the Mt. Auburn homestead, and certain judgments were rendered against him, and executions on the same were levied on said real estate.

The controversy here is whether this mortgage and the judgments are entitled to be paid out of his share of this particular real estate and his other portion of the real estate before he satisfies the note held by the estate against him.

Since the decision by our Supreme Court in Keever v. Hunter, 62 Ohio St. 616 [57 N. E. Rep. 454], we think there can be no doubt that unless the devise of the Mt. Auburn homestead is a specific devise, indicating that the testator intended that the devisee should enjoy this *in specia*, that neither Horace W. Woodruff nor his creditors may share in the estate until his debt to the estate is paid.

In the court of common pleas it was held that the devise of the Mt. Auburn real estate was specific, but that the other real estate devised was not. In holding that all the balance of the real estate devised was not specific and that it is subject to his indebtedness, we think the court was right, and it will not be considered further except as it comes under what we have to say as to the portion of the devise held to be specific.

We come now to a construction of the will. The law having granted to one the right to make a will, the courts have universally held that the intention of the testator as gathered from his whole will taken in connection with the surrounding circumstances must be given effect to, unless the expressed intention is contrary to law or against public policy. There are numerous other rules of construction but they must all bend to and conform to this rule so that nothing stands in the way of the expressed intention of the testator, unless it be contrary to law. This is a sound and reasonable rule and never likely to be departed from, for to hold that the intention of the testator was not to be carried out would, in effect, be to deny to the testator the right to make a will, as the *expressed intention* is the *will*.

Carrying out this rule the courts have frequently said that adjudicated cases in which the intention of the testator has been determined give little or no aid in arriving at the intention of the testator in another and different will.

In Robertson v. Broadbeck, (Law Rep. 8 App. Cas. 812) a question similar to the one in this case was before the house of lords. Selborne, L. C., in giving his opinion, held the legacy in question not to be specific and gave a definition of a specific legacy. Lord Blackburn also gave an opinion and in doing so used the following language:

Woodruff v. Woodruff.

"I think that in considering the case below, more has been said as to the definition of what is a specific bequest, as if it was a technical question, than was quite requisite for the decision of the case. I do not know if it was necessary to give a definition of a specific legacy that any would come nearer to my idea than what has been said by the Lord Chancellor in this case: 'Something which a testator, identifying it by a sufficient description and manifesting an intention that it should be enjoyed in the state and condition indicated by that description, separates in favor of a particular legatee from the general mass of his personal estate.'

"I do not, however, like to bind myself even to saying that this is a precise definition. I think the real question is what is the true construction of the will of this testator. * * * But it all comes round to the same thing. The court can not make a will for the testator; it must construe the one he has made. And I think that the bequest of the residue of his effects, which shall not consist of money or securities for money to Mrs. Robertson, and the residue of his personal estate to the two trustees is one residuary bequest to two persons."

The general purpose of the testator evidently was to give all of his estate, real and personal, to his wife for her life, and at her death all of said estate remaining was to go to his several children or their descendants, to be equally divided between them. If there was any property left to the children in the nature of a specific devise it was not to be enjoyed *in specia*, as his wife was to enjoy it, but it was to be equally divided between them. Suppose a testator had three farms and three sons and no other lands and no other children, and he should devise farm No. 1 to his three sons to be equally divided between them, and he should devise the other two farms in the same way, these could not be considered as specific devises, but the devises would be nothing more than a devise of the whole of his real estate to his three sons to be equally divided between them; but if he had devised farm No. 1 to Thomas and farm No. 2 to William and farm No. 3 to John, these would be specific devises of separate property to separate devisees. Does the fact that the testator in this case mentions particularly one piece of real estate as going under his will and devises all his other real estate "as all the rest and residue of my estate real" indicate an intention to separate this particular piece of real estate from the balance of his real estate, to be taken and held by them in any different way from the other real estate?

It seems clear that the intention of the testator that *all* of his estate remaining at the death of his wife should be equally divided among his children; not a part of it should be equally divided among them, but all of it. If this be the clear and plain intention, it must be given effect,

and any technical rule of construction which might stand in the way must be disregarded.

If the testator had said that he gave all of his estate to his wife for her life (with power to dispose of certain chattels and reinvest in certain securities), and the remainder to go to his children at her death, it would be equivalent to what he has said.

In the devise of the life estate to his wife, he describes particularly his Mt. Auburn real estate; it was his homestead, and was the most valuable part of his real estate, and while not intending that she should hold this property in any different way than the balance of his real estate (which he devised to her by saying: "I give and bequeath to her all the income and profits of all the rest and residue of my estate, real, personal and mixed"). It was only natural that he should specifically describe the larger portion of his real property, his homestead, as he did; and as to his wife, there was to be no different holding of his estate except as to the matters already referred to. With these exceptions it was simply a life estate in his whole estate.

When he comes to the devise of the remainder to his children, he follows, in the main, the gift to the wife just preceding. He says: I devise and bequeath said real estate on Mt. Auburn, *above described, and all the rest and residue of my estate, real, personal and mixed."* This, no doubt, is the reason why the language employed is as it is; he had already given his wife a life estate in all his estate, and coming to give the remainder to his children, he uses as near as he can the same language used in the gift to his wife. In both instances he used more words in creating the devises than was absolutely necessary to effectuate his purpose, but this was not unreasonable. A will is rarely found that does not contain more words than is necessary to express the meaning of the testator.

Here the testator particularly mentions his Mt. Auburn real estate, but he does not immediately after state how he wants it divided, or what he wants done with it; but he goes on and gives the balance of his real estate and all his personal estate, and says it is to go to his children "to be equally divided between them;" then he goes on and says, "*this devise ana bequest*," clearly indicating there was but one devise to the children. If the testator had intended that his Mt. Auburn real estate should go to his children differently from the way that his other real and personal property should go to them, he certainly would have used some more apt words to have expressed that intention, and would not afterwards have mentioned it as "this devise and bequest." The codicil also throws considerable light on the intention of the testator as to this devise. In this he provides for the sale of certain lots and the investment of the proceeds

Woodruff v. Woodruff.

for the benefit of his wife during her life, with the remainder to "be divided between my children and their legal representatives, share and share alike, as provided in my said will for the .other property," clearly indicating that there was but one provision in his will for the other property, and which was that it was all to be divided equally. between his children as one gift of all his estate in which he describes with more or less exactness his real and his personal estate.

What was the effect of the testator giving to. all his children all of his estate, real and personal, subject to the life estate of his wife? He gave them nothing but what they would have taken if he had made no will. It is equivalent to saying, I give to my children all my estate to which they are enitled under the law. Such a will is of no effect, and the heir takes by force of the statute rather than by will. This is an old and well established principle of the law. Powell on Devises, 284; 4 Kent's Com., star pp. 506-7; Ellis v. Page, 7 Cushing, 161.

There is no necessity for making a will when property is given in the same way that the statute passes it; the object in giving the right to dispose of property is that it might be given in a way different from that in which the law gives it.

In holding that the Mt. Auburn property was subject to the mortgage given by Horace W. Woodruff, and to the judgment liens existing against it in favor of his creditors before the debt due his father's estate, we think the learned judge who gave the judgment erred, and so much of said judgment is reversed and the cause remanded to said court to carry this judgment into execution.